Submitted on briefs October 6, affirmed October 19, 1926.

## KUZMA OGNJINOVICH *v.* JOHN SKULJE and MATIJA SKULJE.

(250 Pac. 238.)

**Set-off and Counterclaim.**

1. Suit for labor and services for carpenter work and for money loaned to defendants, arising out of contract, *held* not subject to counterclaim for damages to defendant's automobile, an unrelated tort, in view of Section 74, Or. L.

**Trial.**

2. Where jury were instructed substantially as requested by defendants, refusal to charge in precise language preferred by defendants *held* not error.

Recoupment, Set-off and Counterclaim, 34 **Cyc.**, p. 708, n. 93. Trial, 38 **Cyc.**, p. 1705, n. 82, p. 1711, n. 19.

From Multnomah: George F. Skipworth, Judge.

In Banc.

Affirmed.

For appellants there was a brief over the name of *Messrs. McGuirk & Schneider.*

For respondents there was a brief over the names of *Mr. Chas. J. Zerzan* and *Messrs. Kaste & Rand.*

BURNETT, J.—There are three causes of action stated in the plaintiff's complaint. The first is for

---

1. See 24 R. C. L. 827.
2. See 14 R. C. L. 751.

labor and services for the defendants at an alleged agreed value, said to have been performed at the special instance and request of the defendants. The second is for carpenter work performed at the defendants' special instance and request in building two rooms in their residence at the stipulated price of $50 per room, no part of which has been paid. The third is for a certain sum of money alleged to have been loaned to the defendants and which has not been paid. In each of these averred causes of action, the defendants are said to be husband and wife and this is not denied, but all other matters in the complaint are traversed by the answer.

One affirmative defense is for damages arising out of an alleged breach committed by the plaintiff of a contract of leasing between the parties in which the plaintiff was a tenant and the defendants were landlords. Another is for board and lodging furnished to the plaintiff at his special instance and request, for which he was not paid. The fourth further and separate answer charges, in substance, that the plaintiff took from the defendants on trial an automobile and while it was in his possession he wrecked it, whereby it was damaged in the sum of $150. The defendants were cast in judgment, from which they appeal.

The bill of exceptions recites the substance of the testimony given on both sides of the case and states that, both parties having rested their case, the plaintiff moved that all the counterclaims and separate answers and defenses of the defendants be taken from the jury because the same are not proper defenses to the causes of action stated in the complaint. The court allowed the motion to the extent of excluding the counterclaim depending upon the damage to the automobile and overruled it as to the others,

to which ruling the defendants excepted. The bill also states that the defendants requested that two certain instructions should be given to the jury but it further shows that the court charged the jury substantially as requested by the defendants in the proffered requests. These are all the objections to the conduct of the trial appearing in the bill of exceptions.

Section 74, Or. L., provides that:

"The counterclaim mentioned in section 73 must be one existing, in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

(1). A cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim,

(2). In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action. * * * "

1, 2. The plaintiff's causes of action did, indeed, arise out of contract, but the counterclaim for damages to the automobile is one for tort and not *ex contractu.* Hence, it could not be a proper counterclaim in this litigation. An unrelated tort is no defense in such instances. There was no error in withdrawing from the jury the defendants' claim of damages for injury to the car. The jury having been instructed substantially as requested by the defendants, there was no mistake in declining to give the charge in the precise language of the requests preferred by the defendants.

As disclosed by the bill of exceptions, the record is free from objection and, hence, the judgment must be affirmed.          AFFIRMED.

RAND, J., being absent, did not participate in this decision.